IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

FRANK STEFFENSEN,

    Plaintiff,

vs.

CITY of FAIRBANKS, et al.,

    Defendants.

Case No. 4:09-cv-00004-RJB

O R D E R

On January 13, 2009, Frank Steffensen, representing himself, filed a civil rights complaint in the Superior Court for the State of Alaska, which was removed by the defendants to this Court on February 10, 2009.[1] On February 19, 2009, the federal defendants filed a motion for an extension of time to file their answer, and on the same day, the court received a motion for leave to file an amended complaint from Mr. Steffensen.[2] In addition, the defendants have now filed a motion to dismiss.[3]

---

[1] Doc. 1.

[2] Docs. 8, 9; *see also Faile v. Upjohn Co.*, 988 F.2d 985, 988 (9th Cir. 1993) (an incarcerated pro se litigant completes "service" under Rule 5(b) of the Federal Rules of Civil Procedure upon submission to prison authorities for forwarding to the party to be served).

[3] Doc. 10.

## Immunity

Mr. Steffensen is cautioned that, as the State of Alaska and Lesia Lefner point out in their motion to dismiss, the State of Alaska is immune from suit under the Eleventh Amendment. Mr. Steffensen may not name the State as a defendant in his amended civil rights complaint. In addition, because Mr. Steffensen has requested that the Department of Corrections be served,[4] he is cautioned that the Eleventh Amendment also bars suits against state agencies.[5] Except for suits filed against state officials, the Eleventh Amendment bars suit regardless of the relief sought.[6]

Mr. Steffensen has further requested that Judge Ralph Beistline be served in this action. He is, therefore, cautioned that judges acting within their jurisdiction are entitled to absolute immunity, and that this "immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"[7]

## Individual v. Official Capacity

Individual (or personal) capacity suits "seek to impose personal liability upon a government official for actions [the official] takes under color of state law."[8] Liability in an

---

[4] Doc. 9 at 2.

[5] *See Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).

[6] *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *Seldovia Native Ass'n, Inc. v. Lujan*, 904 F.2d 1335, 1349 (9th Cir. 1990).

[7] *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quotation omitted).

[8] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

2    ORDER

**individual capacity** suit for **money damages** can be demonstrated by showing that the official **caused** the alleged injury.[9]

Thus, in order to state a viable civil rights claim against state officials in their individual capacities, allegations of personal participation are required.[10] Without allegations of personal participation, the claim must be dismissed. "State officials are not subject to suit under section 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights."[11] In addition, state officials cannot be held liable for alleged civil rights violations under the theory of respondeat superior (that is supervisory liability).[12] Individuals cannot be held personally liable merely due to the fact that they have supervisory authority over other defendants or employees.

If sued in their **official capacity** for **injunctive relief**, rather than money damages, the Eleventh Amendment does not bar suit. State officials sued in their official capacity are persons for purposes of 42 U.S.C. § 1983, "because official-capacity actions for prospective relief are not treated as actions against the State."[13] In an official capacity

---

[9] *See id.* at 166.

[10] *See Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988).

[11] *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (citation omitted).

[12] *See e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (insufficient showing of direct participation by Attorney General or Director of State Prison); *see also* BLACK'S LAW DICTIONARY (8th ed. 2004) ("respondeat superior" is the "doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency.").

[13] *Kentucky v. Graham,* 473 U.S. at 167 n. 14; *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan*, 491 U.S. 58, 71 n. 10 (1989); *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1370-71 (9th Cir.), *cert. denied*, 506 U.S. 1011 (1992); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Price v. Alaska*, 928 F.2d 824, 828 n. 3 (9th Cir. 1990), *cert. denied*, 502 U.S. 967 (1991). Official capacity actions filed against state officials

suit, Mr. Steffensen must demonstrate that a **policy or custom** of the government entity of which the official is an agent was the moving force behind the violation.[14] Mr. Steffensen must decide, for each defendant, whether he or she is being sued in his or her individual (requesting money damages) or official (requesting injunctive relief) capacity; only rarely will both apply.

## Challenge to Conviction or Sentence

Mr. Steffensen is also cautioned that, if he is challenging the fact or duration of his confinement, he may not do so through a civil rights action:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[15]

---

for damages are merely an alternative way of pleading an action against the state. *See Kentucky v. Graham*, 473 U.S. at 165; *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Because the state is not a person for purposes of § 1983, "state officials, when sued for damages in their official capacities, are likewise not 'persons' within the meaning of § 1983." *Guam Soc. of Obstetricians & Gynecologists*, 962 F.2d at 1371.

[14]*See Kentucky v. Graham*, 473 U.S. at 166; *see also Fogel v. Collins*, 531 F.3d 824 (9th Cir. 2008) (In a § 1983 case arising after police officers arrested plaintiff and impounded his van because of messages painted on his vehicle, summary judgment for defendants was affirmed where: 1) although defendants violated plaintiff's First Amendment rights; 2) defendant-city had not implemented an unconstitutional policy or custom, and defendants-police officers were entitled to qualified immunity.).

[15]*Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002), quoting *Heck*, 512 U.S. at 487 n. 6 ("In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"); *see also Martin v. Sias*, 88 F.3d 774 (9th Cir. 1996), extending *Heck v. Humphrey* to federal prisoners and *Bivens* actions.

4 ORDER

Further, "[t]he fact that [a plaintiff] seeks money damages . . . as a remedy does not alter this conclusion."[16] The Court notes that Mr. Steffensen's federal conviction is currently on appeal.[17]

## Amending Complaint

Mr. Steffensen's motion to file an amended complaint should be granted.[18] The Court will send a form to assist Mr. Steffensen in amending the complaint in compliance with this Order. In completing this civil rights form, Mr. Steffensen must state, specifically, what defendants did or did not do which he believes constitutes a legal wrong, and what specific relief he seeks from the Court. In his amended complaint, Mr. Steffensen must give **dates and facts** in support of each claim. Mr. Steffensen should state the facts in his own words, as if he were **briefly** and **concisely** telling someone what happened. The facts must specifically allege how **each** defendant has harmed him. Mr. Steffensen may later be given an opportunity to file a brief on the issues in which he may more thoroughly argue his case.[19]

---

[16] *See Wilkinson v. Dotson*, 125 U.S. 1242, 1248 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

[17] *See United States v. Frank T. Steffensen*, 4:08-cr-00006-RRB.

[18] *See* FED. R. CIV. P 15(a).

[19] A complaint "shall contain a **short and plain statement** of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). A complaint is the "initial pleading that starts a civil actions and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." BLACK'S LAW DICTIONARY (8th ed. 2004). A brief, on the other hand, is a "written statement setting out the legal contentions of a party in litigation, ... consisting of legal and factual arguments and the authorities in support of them." *Id.*

5  ORDER

Further, in his amended complaint, Mr. Steffensen should make no reference to the initial complaint or to other extraneous documents. The Court cannot refer to a prior pleading in order to make the amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading.[20] This is because, as a general rule, an amended complaint supersedes (takes the place of) the original complaint.[21]

**IT IS HEREBY ORDERED**:

1. Mr. Steffensen's motion to amend his complaint (Doc. 9) is **GRANTED**. The initial complaint is, therefore, dismissed, and the amended complaint must be filed on or before **April 20, 2009**.
2. The Clerk of Court is directed to send a copy of this Court's form PS01, Complaint Under the Civil Rights Act, with instructions, to Mr. Steffensen with a copy of this Order.
3. The defendants' motions (Doc. 8 and 10) are DENIED as moot, but may be renewed as appropriate, after the filing of the amended complaint; and Mr. Steffensen's motion for U.S. Marshal service upon certain defendants (Doc. 9) is DENIED without prejudice to renewal, if necessary, after the filing of his amended complaint.
4. All future papers to be filed with the Court must be identified with the name of the Court, Case No. 4:09-cv-00004-RJB, the names of the plaintiff and the first defendant, and the title of the document, as illustrated on the first page of this Order.
5. Mr. Steffensen shall serve a copy of all pleadings or documents he sends to the

---

[20] *See* D.Ak.LR 15.1(3).

[21] *See Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (as a general rule, an amended complaint supersedes (takes the place of) the original complaint).

6  ORDER

1 Court upon counsel for those defendants who have already been served and have appeared. Mr. Steffensen shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed, faxed or hand-delivered to the defendants' lawyer(s). A certificate of service may be written in the following form at the end of his document:

> I hereby certify that a copy of the above  (name of document)  was served upon (name(s) of opposing counsel) by (mail/fax/hand-delivery) at  (address(es))  on  (date)  .
>
>                                                                            
>                                             (Mr. Steffensen's Signature)

Any paper received by a District Court Judge which has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded by the Court.

6. Mr. Steffensen shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

7. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a District Court Judge of this Court about the merits of this action. Mr. Steffensen should not write letters to the Court, but must file any requests for action by the Court during these proceedings in the form of a **motion**.

8. The Clerk of Court is directed to send a copy of the Court's motion form, PS15 to Mr. Steffensen with this Order.

9. At all times, Mr. Steffensen shall keep the Court informed of any change of address, by filing a notice titled "NOTICE OF CHANGE OF ADDRESS." The notice shall contain **only** information about the change of address, and its effective date. The notice shall not include any requests for any other relief.

10. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Steffensen with this Order.

DATED this 10th day of March, 2009.

_____
ROBERT J. BRYAN
United States District Judge