IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

FRANK STEFFENSEN,

          Plaintiff,

    v.

CITY OF FAIRBANKS, et al.,

          Defendants.

Case No. C09-0004RJB

ORDER ON PLAINTIFF'S
AMENDED COMPLAINT

This matter comes before the court on review of the file. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

On January 13, 2008, plaintiff filed a civil rights case in the Superior Court for the State of Alaska. Dkt. 1. On February 10, 2009, defendants removed the case to federal court. Dkt. 1.

On March 10, 2009, the court issued an order, identifying the deficiencies in the complaint and directing plaintiff to file an amended complaint. Dkt. 25.

On March 19, 2009, plaintiff filed an Amended Complaint. Dkt. 29. The court has reviewed the amended complaint under the screening requirements of 28 U.S.C. § 1915A, which provides in relevant part as follows:

§ 1915A. Screening

   (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

   (2) seeks monetary relief from a defendant who is immune from such relief.

## AMENDED COMPLAINT

Plaintiff alleges that various state, federal, and city employees, officials, and agencies violated his rights during the investigation and prosecution of criminal cases against him.

When a plaintiff proceeds *pro se*, the district court is required to afford plaintiff the benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to the district court. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), *citing Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988)(pleadings of *pro se* civil rights plaintiff to be construed liberally, affording plaintiff benefit of any doubt). The court has carefully reviewed the allegations in the Amended Complaint, has construed the pleadings liberally, and has afforded plaintiff the benefit of any doubt.

   1. **2005 Conviction**. Plaintiff alleges that City of Fairbanks police officers John Merrion, Burlyn Rigdon, Stewart Lewis, and Ron Dupee conducted an unlawful search and seizure on August 23, 2005; that he was convicted pursuant to the unlawful search and seizure of possession of cocaine; and that the conviction was overturned on appeal. Dkt. 29, at 2-3. Plaintiff also named the City of Fairbanks as a defendant, alleging that the police violated his rights "through long-standing practice or custom which constitutes standard operating procedure, decision-making, and policy. Dkt. 29, at 8. Plaintiff alleges that the unlawful search was authorized by Casey Mayhew, an employee of the Alaska Department of Corrections. Dkt. 29, at 2. Plaintiff alleges that Alaska Court of Appeals judges and Superior Court Judge Mark Wood "are also conspirators in the deprivation of Civil Rights, although they may be found to have immunity." Dkt. 29, at 2.

   The Alaska Court of Appeals judges and Judge Wood are entitled to absolute immunity in this case because the acts alleged were taken within the court's subject matter jurisdiction. Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this

immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1973). As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. *Ashelman*, 793 F.2d at 1078. Any claims plaintiff has asserted against the Alaska Court of Appeals judges and Judge Wood should be dismissed with prejudice.

Plaintiff alleges that officers Merrion, Rigdon, Lewis, and Dupee conducted an unlawful search and seizure in 2005 that resulted in a conviction. Plaintiff has arguably stated a civil rights claim against these officers, and those claims may proceed.

Plaintiff alleges that probation officer Mayhew authorized an unlawful search in 2005 that resulted in a conviction. Plaintiff has arguably stated a claim against Mr. Mayhew, and that claim may proceed. The court notes that officer Mayhew was not included in the caption of the amended complaint although the body of the complaint asserts a claim against him. *See* Dkt. 29, at 1.

Plaintiff alleges that the unlawful search in 2005 was the result of a long-standing practice or custom which constitutes standard operating procedure, decision-making, and policy on the part of the police department of the City of Fairbanks. Plaintiff has sufficiently alleged a claim against the City of Fairbanks and that claim may proceed.

2. **2008 Conviction.** Plaintiff has not alleged the specific dates he was convicted and/or sentenced in the criminal prosecution following the March 21, 2008 federal indictment. See Dkt. 29, at 4. The court will refer to this conviction as the "2008 case."

Plaintiff alleges that federal agents Mike Foran, Eric Cohoon, Bill Nyfeler, Timothy Binkley and Mark Payne; City of Fairbanks employees Avery Thompson and officer Dupee; and State of Alaska probation department employee Lesia Lefner violated his rights when defendants unlawfully searched his car; threatened and intimidated witnesses; failed to comply with agency policies; presented untruthful testimony; caused excessive delay; and caused "enhanced" prosecutions related to his conviction in 2005. Plaintiff alleges that federal judge Beistline was biased against him in the 2008 case, and that U.S. attorney Elizabeth Crail violated his rights in prosecuting the 2008 case. Plaintiff is apparently incarcerated pursuant to that conviction which has not been overturned or otherwise invalidated.

A claim that relates to the fact and duration of confinement is not cognizable in a civil rights action unless the inmate can demonstrate that the conviction or sentence has already been invalidated. *Heck v.*

*Humphrey*, 512 U.S. 477 (1994). *Heck v. Humphrey* applies to *Bivens* actions. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). The proper avenue to challenge the fact or duration of confinement is to file a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Judge Beistline is entitled to absolute immunity because the acts alleged were taken within the court's subject matter jurisdiction. All claims against Judge Beistline should be dismissed.

Ms. Crail is entitled to absolute immunity for initiating and prosecuting the 2008 case. A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages in a civil rights action. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity applies only when the challenged activity is intimately associated with the judicial phase of the criminal process. *Id*. at 430. All claims against Ms. Crail related to the initiation and prosecution of the 2008 criminal case against plaintiff should be dismissed with prejudice.

Plaintiff has not shown that his 2008 conviction or sentence has been invalidated. Accordingly, the claims against federal agents Mike Foran, Eric Cohoon, Bill Nyfeler, Timothy Binkley and Mark Payne; City of Fairbanks employees Avery Thompson; and State of Alaska probation department Lesia Lefner should be dismissed without prejudice to plaintiff to refile the claims upon a showing that his conviction or sentence has been invalidated. The claims against officer Dupee related to the 2008 case should also be dismissed without prejudice to plaintiff to refile the claims upon a showing that his conviction or sentence has been invalidated.

4. **Alaska Department of Corrections, Probation Department**. Plaintiff has named the Alaska Department of Corrections, Probation Department as a defendant in this action. The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. *See Seminole Tribe of Florida v. Florida* 116 S.Ct. 1114, 1131 (1996); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity extends to state agencies. *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101-102 (1984).

The claims against the Alaska Department of Corrections, Probation Department are barred by the Eleventh Amendment to the United States Constitution and should be dismissed.

5. **Seized Funds**. Plaintiff contends that Ms. Crail required the City of Fairbanks to retain funds

seized by the City "which were proved to have been obtained from legal sources (work) beyond any doubt", and that Ms. Crail refused to release those funds. Dkt. 29, at 5. The management of exhibits and seized funds related to a criminal case is intimately associated with the judicial phase of the criminal process. Accordingly, Ms. Crail has absolute immunity with regard to this claim and the claim should be dismissed.

Plaintiff also alleges that Ms. Crail, "[f]ederal agents"; and the "City of Fairbanks" conspired to cause unnecessary delay in returning the funds. Plaintiff has not alleged sufficient facts to state a claim for conspiracy against any named individuals. In the court's March 10, 2009 order, plaintiff was afforded the opportunity to file an amended complaint, and was directed to specifically allege how each defendant has harmed him. Dkt. 25, at 5. He did not do so. This claim is not sufficient to show how any individually named defendant engaged in a conspiracy to delay return of his property to him. Further, Ms. Crail is entitled to absolute immunity in the management of exhibits and seized property. Accordingly, this claim should be dismissed.

Therefore, it is hereby

**ORDERED** that (1) all claims against the Alaska Court of Appeals judges and Judge Wood are **DISMISSED WITH PREJUDICE**; (2) all claims against Judge Beistline are **DISMISSED WITH PREJUDICE**; (3) all claims against Elizabeth Crail related to the initiation and prosecution of the 2008 criminal case against plaintiff are **DISMISSED WITH PREJUDICE**; (4) all claims against federal agents Mike Foran, Eric Cohoon, Bill Nyfeler, Timothy Binkley and Mark Payne; City of Fairbanks employee Avery Thompson; and State of Alaska probation department employee Lesia Lefner are **DISMISSED WITHOUT PREJUDICE** to plaintiff to refile the claims upon a showing that his conviction or sentence has been invalidated; (5) all claims against City of Fairbanks employee Ron Dupee that are related to the 2008 conviction are **DISMISSED WITHOUT PREJUDICE** to plaintiff to refile the claims upon a showing that his conviction or sentence has been invalidated; (6) the claims against the Alaska Department of Corrections, Probation Department are **DISMISSED** as barred by the Eleventh Amendment to the United States Constitution; (7) plaintiff's claim that Ms. Crail required the City of Fairbanks to unlawfully retain plaintiff's funds that were seized by the City is **DISMISSED WITH PREJUDICE**; and (8)

1 plaintiff's claim that Ms. Crail, the City of Fairbanks, and federal agents conspired to cause unnecessary
2 delay in returning seized funds to him is **DISMISSED WITH PREJUDICE**.
3 The following claims may proceed: (1) a civil rights claim against officers Merrion, Rigdon, Lewis,
4 and Dupee in relation to an allegedly unlawful search and seizure in 2005 that resulted in a conviction; (3) a
5 civil rights claim against probation officer Mayhew in relation to the allegedly unlawful search and seizure
6 in 2005 that resulted in a conviction; (3) a claim against the City of Fairbanks in relation to the unlawful
7 search and seizure in 2005.
8 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
9 party appearing *pro se* at said party's last known address.
10 DATED this 24th day of March, 2009.

_____
ROBERT J. BRYAN
United States District Judge