IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRANK STEFFENSEN, | Case No. C09-0004RJB |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM STATE ACTORS |
| CITY OF FAIRBANKS, et al., | |
| Defendants. | |

This matter comes before the court on plaintiff's Motion to Compel Discovery From State Actors (Dkt. 55) and on the Scheduling and Planning Conference Report filed by plaintiff on June 22, 2009 (Dkt. 56). The court has considered the relevant documents and the remainder of the file herein.

In the text of the Amended Complaint, filed on March 19, 2009, plaintiff alleged causes of action against Alaska Department of Corrections Probation Officer Mayhew and Probation Officer Lesia Lefner. Dkt. 29. Probation Officer Mayhew was not listed in the caption of the Amended Complaint. On February 10, 2009, Assistant Attorney General Stephanie Galbraith Moore appeared on behalf of Ms. Lefner and filed an answer on behalf of Ms. Lefner. Dkt. 1-9 and 1-14. No Notice of Appearance has been entered on behalf of Mr. Mayhew. No Certificate of Service has been filed showing that Mr. Mayhew was served with a summons and a copy of the Amended Complaint. No answer has been filed on behalf of Mr. Mayhew.

On May 18, 2009, plaintiff a filed a motion, requesting that the court order that the U.S. Marshal serve Mr. Casey Mayhew with a summons and complaint if counsel for the State of Alaska does not

ORDER
Page - 1    Case 4:09-cv-00004-RJB    Document 57    Filed 06/24/09    Page 1 of 4

acknowledge representation of Mr. Mayhew. Dkt. 49. Plaintiff stated that Mr. Mayhew "apparently left his employment with the state." Dkt. 49, at 1. Plaintiff stated as follows:

> Casey Mayhew is named as a defendant in this action, and was sent a copy of the initial complaint with a summons at the office of the Alaska Probation Department at the same time as one was sent to Lisa Lefner. They were both received and signed for. The Answer filed by the Attorney General did not acknowledge service on behalf of Mr. Mayhew, although it is likely that the same counsel will represent Mr. Mayhew when he is served, and this is merely delaying the action.

Dkt. 49, at 1.

On June 9, 2009, the court issued order denying plaintiff's motion that had requested that the court order that the U.S. Marshal serve Mr. Casey Mayhew with a summons and complaint if counsel for the State of Alaska does not acknowledge representation of Mr. Mayhew, stating as follows:

> Plaintiff has not shown that he made an attempt to obtain Mr. Mayhew's current address, or that the Alaska Department of Corrections is aware of Mr. Mayhew's current address. It is plaintiff's responsibility to obtain addresses for the people he wishes to sue. The court cannot order the United States Marshal to effectuate service on a defendant when plaintiff has not provided a current address for that defendant. Further, plaintiff has not shown that the court has the authority to order the Alaska Attorney General to represent an individual. Plaintiff's motion should be denied.

Dkt. 54, at 2.

On June 15, 2009, plaintiff filed a Motion to Compel Discovery from State Actors, requesting that the court order (1) "counsel for Alaska probation officers, Stephanie Moore," to provide an address where Mr. Mayhew can be served with process, or to acknowledge service on behalf of Mr. Mayhew; and (2) Ms. Moore to provide answers to the Interrogatories and Admissions that were submitted to Ms. Moore on April 19, 2009. Dkt. 55.

**1. Address of Mr. Mayhew**

The court has previously informed plaintiff that it is his responsibility to obtain Mr. Mayhew's address, and that plaintiff has not shown that the court has the authority to order the Alaska Attorney General to represent an individual. Ms. Moore has not appeared on behalf of Mr. Mayhew. Plaintiff's renewed request to involve the court in obtaining Mr. Mayhew's address, this time in the form of a motion to compel, is inappropriate. Plaintiff's motion to compel Ms. Moore to provide plaintiff with Mr. Mayhew's address, or to acknowledge service on behalf of Mr. Mayhew (Dkt. 55) should be denied.

**2. Responses to Interrogatories and Admissions**

Plaintiff requests that the court order Ms. Moore to provide responses to interrogatories and admissions. See Dkt. 55-2. The interrogatories and requests for admission at issue were dated April 19,

2009, and were directed to Lesia Lefner and Casey Mayhew or Applicable Party. Dkt. 55-2, at 1. Ms. Lefner is the only defendant who has been served and has appeared through counsel.

Fed.R.Civ.P. 26(d)(1) provides as follows:

**(d) Timing and Sequence of Discovery**.

> **(1)** **Timing**. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

*Emphasis in the original.*

Fed.R.Civ.P. 26(a)(1)(B)(iv) exempts from initial disclosure "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision."

Plaintiff is in custody of the United States, and he is proceeding without an attorney. The court initially issued a scheduling order that did not require initial disclosures or a Case Status Report. Dkt. 32. However, on June 1, 2009, the court issued an order, granting the City of Fairbanks defendants' request that the court issue an order requiring the parties to conduct a scheduling and planning conference report in accordance with Fed.R.Civ.P. 26(f). Dkt. 51. On June 1, 2009, the court issued an order, directing that the parties file an Initial Case Status Report regarding case scheduling and planning. Dkt. 52. That report is due by June 29, 2009.

Plaintiff's current motion, requesting that Ms. Lefner and Mr. Mayhew respond to interrogatories and requests for admission, is untimely. The parties have not filed the required Initial Case Status Report. Part of the report is a discovery plan. Plaintiff may raise his issues regarding discovery during the planning and development of that report.

Further, the interrogatories and requests for admission sent by plaintiff are deficient in at least the following respects: (1) Plaintiff requests information from Casey Mayhew, who has not been served; (2) Plaintiff apparently requests information related to his current federal conviction; claims regarding that conviction have been dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) Plaintiff appears to request information that is not within the personal knowledge of Ms. Lefner.

Based upon the discussion above, plaintiff's motion, requesting that the court compel Ms. Lefner, Mr. Mayhew, or "Other Party" to respond to interrogatories and requests for admission (Dkt. 55) should be denied.

### 3. Scheduling and Planning Conference Report of Plaintiff

On June 22, 2009, plaintiff filed a document, purporting to be a Scheduling and Planning Conference Report. Dkt. 56. Plaintiff stated that the parties could not meet because plaintiff is currently in federal custody in Lompoc, California.

As noted above, the parties have been ordered to file an Initial Case Status Report regarding case scheduling and planning, by June 29, 2009 *See* Dkt. 52. Plaintiff is hereby informed that the Scheduling and Planning Conference Report of Plaintiff, filed on June 22, 2009 (Dkt. 56), does not comply with the court's order. The court notes that, even if the parties are unable to meet in person, they can develop the scheduling and planning conference report by other means, for example, by use of the telephone and/or mail.

Therefore, it is hereby

**ORDERED** that plaintiff's Motion to Compel Discovery From State Actors (Dkt. 55) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 24th day of June, 2009.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge